**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose MARTINEZ–RUIZ, Defendant–
Appellant.**

**No. 00–10330.**

**D.C. No. CR–99–01021–JMR.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2001.*

Decided Aug. 15, 2001.

Before HILL,** GRABER, and
MCKEOWN, Circuit Judges.

MEMORANDUM ***

Jose Martinez–Ruiz was convicted of possession with intent to distribute marijuana, aiding and abetting another to possess and distribute, and conspiracy to possess with intent to distribute marijuana. He appeals the denial of his pre-trial motion to suppress.

The law of this circuit is quite clear that "officers may encroach upon the curtilage of a home for the purpose of asking questions of the occupants." *United States v. Hammett*, 236 F.3d 1054, 1059 (9th Cir. 2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 152, —— L.Ed.2d —— (2001). The agents are perfectly entitled to knock, openly and peaceably, on a person's door with the honest intent of asking him questions. *Davis v. United States*, 327 F.2d 301, 303 (9th Cir.1964). Indeed, this circuit holds that no suspicion at all is needed for agents to conduct a "knock and talk," even one occurring at night. *United States v. Cormier*, 220 F.3d 1103, 1109 (9th Cir.2000), *cert. denied*, 531 U.S. 1174, 121 S.Ct. 1146, 148 L.Ed.2d 1009 (2001). An unlocked gate does not create an impenetrable shield that officers may not breach.

The crux of this appeal is the defendant's disagreement with the district court's findings of fact. Martinez–Ruiz contends that the district court's findings of facts were clearly erroneous because they conflict with the neighbor's testimony. Martinez–Ruiz contends that the neighbor's testimony establishes that there was a much longer period of time between the

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* Hon. James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

officers' entry on the property and the knock on his door.

The district court, however, credited the officers' testimony that they smelled the marijuana, approached the house, entered through an unlocked gate, and proceeded directly to the front door and received consent to search. Even crediting the neighbor's testimony, these findings of fact are not clearly erroneous. He testified that he really did not observe the officers between the time he saw lights in defendant's yard and later when he saw lights on in the house. He also testified that he did not know what was going on in Martinez–Ruiz's yard. Therefore, his testimony would be inadequate to hold that the district court's findings of fact on this issue were clearly erroneous.

Accordingly, the denial of the motion to suppress is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.